UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNINE CAMPBELL WASHINGTON, *et al.*,[1]

        Plaintiffs,

-against-

JUDGES BEN DARVIL JR., *et al.*,

        Defendants.

24-CV-3069 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jeannine Campbell Washington,[2] who is proceeding *pro se*, brings this action seeking "a cease and desist order" from this Court regarding alleged conduct on the part of Defendants. Plaintiff initiated this action by submitting a notice of claim under Article 78 of the New York's Civil Practice Law and Rules. She amended her complaint on June 6, 2024 – without being granted leave to do so – and named as Defendants dozens of state court judges, New York City departments and officials, shelters and family residences, New York City Police Department precincts, the 311 operating system, the Rose M. Singer Correctional Facility, lawyers, banks, unidentified individuals and companies, Burger King, a church, a real estate company, surety and bond companies, Consolidated Edison, a federal employee with the U.S. Marshals, and the Civilian Complaint Review Board. Plaintiff lists several entities and her minor children as co-plaintiffs.

---

[1] Plaintiff names her minor children as plaintiffs. Because minors must be identified by their initials, *see* Fed. R. Civ. P. 5.2(a)(3), the Court directed the Clerk's Office to restrict public access to Plaintiff's pleadings.

[2] In addition to naming her minor children as plaintiffs, Washington also includes several entities as plaintiffs. When referring to "Plaintiff" throughout the order, however, the Court is only referring to Washington.

By order dated May 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On June 3, 2024, Plaintiff filed a motion for preliminary injunctive relief and an order directing Defendants to show cause why immediate injunctive relief should not be granted against them. (ECF 6-7.)

For the following reasons, the Court dismisses the claims brought on behalf of others without prejudice. The Court also dismisses the claims brought on behalf of Plaintiff, with 30 days' leave to file a second amended complaint to allege facts in support of any claims Plaintiff brings on her own behalf. The Court denies the motion for injunctive relief and the request for an order to show cause.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

This action appears to arise from the removal of Plaintiff's children from her custody and subsequent events following this removal. The following facts are taken from the complaint.[3] Plaintiff seeks a "cease and desist order," claiming that Defendants

> have continually and annually allowed misrepresentation of facts, performed illegal intrusive searches and seizures, deliberately misinterpreted due process, subjected the plaintiff to cruel and unusual punishment, deprived the plaintiff of rights, violated the Title ADA, violated human rights, caused loss of intellectual property, loss of business equipment and profits exceeding $45,000, subject the plaintiff to physical and medical abuse, discrimination, libel, and judicial malpractice.

(ECF 8, at 3.) Plaintiff brings claims of securities fraud and claims under the False Claims Act, asserting, "Misrepresentation of power and authority by security company . . . . Fraudulent accounting and management services . . . . Use of false pretenses to obtain money . . . . Misrepresentation of status by court-appointed officers . . . . HIPAA violations preventing a fair trial." (*Id.*)

Plaintiff attaches 55 exhibits, including: (1) a printout from the New York State Unified Court System describing an ongoing Kings County Surrogate's Court action involving Plaintiff; (2) a North Bergen Police Department incident report from March 29, 2021; (3) a July 28, 2021 email from Port of Spain American Citizen Services advising Plaintiff to travel to Trinidad "to work with the local authorities to remove her children from her mother's care" (*id.* at 9); (4) a May 15, 2023 Harlem Hospital disposition note where Plaintiff "came in off assumption of mental defect and was authorized to walk out" (*id.*); (5) a July 18, 2023 Family Court neglect

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

petition "based on hearsay and alleging neglect without supporting information" (*id.* at 10); and (6) an August 10, 2023 psychosocial assessment of Plaintiff.[4]

## DISCUSSION

### A.   Claims Brought on Behalf of Others

As a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Moreover, a nonlawyer parent generally cannot represent her child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61.

Plaintiff has not included any information showing that she is an attorney or otherwise authorized to bring claims on the behalf of others. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of her minor RockSteady Industries International LLC, RockSteady Recordz, RockSteady EatznCaterz, Kustom Catalogue, Kustom

---

[4] Plaintiff provides a complete list of her exhibits in the amended complaint. (*See* ECF 8 at 9-16.)

4

Embellishmentz, Millenium Blaze Industries, Bender Bros, Estate of James Defreitas and all heirs, T.W., J.S., T.J.C., J.I.C., T.S.W., and T.H.C.

**B.  Plaintiff's Claims**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

Plaintiff's amended complaint does not comply with Rule 8 because Plaintiff does not make a short and plain statement showing that she is entitled to relief from any of the Defendants, by placing them on notice of the claims asserted against them. Indeed, Plaintiff does not describe any conduct on the part of the Defendants or why she believes they violated her

5

rights. While she has cited to federal statutes and referred to legal theories, she does not include any underlying facts to inform defendants why she includes these statutes and theories or what led her to believe that these statutes and theories apply. Accordingly, the Court finds that "the complaint's form [and] substance prevent[] the defendant from forming a 'fair understanding' of the plaintiff's allegations." *Ong*, 51 F. Supp. 3d at 345. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Plaintiff's Motions**

Plaintiff has filed a motion requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because the complaint is dismissed for failure to state a claim, the Court finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's motion for injunctive relief and her request for an order to show cause are both denied.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a claim against one or more of the defendants, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. Any amended pleading Plaintiff submits should not include any other plaintiffs and must include underlying facts.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to file a second amended complaint to assert claims brought on Plaintiff's own behalf.

The Court dismisses without prejudice any claims Plaintiff is asserting on behalf of RockSteady Industries International LLC, RockSteady Recordz, RockSteady EatznCaterz, Kustom Catalogue, Kustom Embellishmentz, Millenium Blaze Industries, Bender Bros, Estate of James Defreitas and all heirs, T.W., J.S., T.J.C., J.I.C., T.S.W., and T.H.C.

Plaintiff's motion for injunctive relief (ECF 6) and her request for an order to show cause (ECF 7) are both denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 11, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge